## APPEAL OF PHILIP KOBBE CO., INC.

Docket No. 3308. Decided July 31, 1926.

NET LOSS; OPERATION OF BUSINESS REGULARLY CARRIED ON BY THE TAXPAYER.—Where, in order to further its regular business, a petitioner operating an advertising agency purchased stock in another corporation which subsequently became worthless, *held*, that the loss thus sustained on the purchased stock should be included among other losses in the computation of the statutory net loss under section 204(a) (1) of the Revenue Act of 1918.

*Blount Ralls, Esq.*, for the petitioner.
*B. H. Saunders, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, GREEN, and LOVE.

### FINDINGS OF FACT.

The petitioner is a domestic corporation with its principal office in New York City. It was incorporated in 1916 and since that time has engaged in the advertising business. It solicits and procures advertising accounts and contracts; prepares the copy for the advertisements; does the necessary art work; secures the necessary plates and type matter.; arranges for the publication of the advertisement in the various publications; and in general cares for and looks after advertising for its various clients.

In 1917 an effort was made to procure the advertising business of the West Electric Hair Curler Co. of which a Mr. Short was president. Short, who was also president of the A-1 Manufacturing Co. and the Chase-O Manufacturing Co., agreed with the representatives of the petitioner that all of the advertising business of the three companies would be given to the petitioner if it would purchase stock in the Chase-O Manufacturing Co. of the par value of $30,000 for a cash consideration of $15,000. These three companies advertised extensively and their business was valuable. The petitioner

accepted the offer, purchased the stock, and secured all of the advertising business of the three companies. It was known at the time of the purchase that the stock of the Chase-O Manufacturing Co. was of little value, and the purchase was made for the purpose of securing the business of the three companies. It is stipulated that the stock became worthless in 1919 and that the petitioner had an " ordinary," as distinguished from " statutory," net loss of $7,622.75 in that year.

OPINION.

GREEN: The parties agree that a.loss was sustained in 1919 and agree upon the amount. The issue is whether such a loss, arising as above set out, may be included in the computation of the statutory net loss for the taxable year. The Commissioner's contention is that the loss is not within the provisions of section 204(a) (1) of the Revenue Act of 1918, which section reads, in part, as follows:

Sec. 204. (a) That as used in this section the term " net loss" refers only to net losses resulting from either (1) the operation of any business regularly carried on by the taxpayer, * * *.

To us it appears that the business regularly carried on by the taxpayer was that of advertising, and that in furtherance of such business it purchased the stock of the Chase-O Manufacturing Co. The evidence shows that scant, if any, consideration was given to the value of the stock and that it was purchased only for the purpose of procuring valuable advertising contracts. We are of the opinion that the loss is within the provisions of section 204(a) and that the Commissioner erroneously excluded it in his computation of the statutory net loss.

*Judgment for the petitioner.*